UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORTHEAST PLASTIC SURGERY CENTER, LLC<br><br>Plaintiff,<br><br>-against-<br><br>UMR, INC.<br><br>Defendant. | Civil Action No.:<br><br><br>**COMPLAINT** |

Plaintiff Shareef Northeast Plastic Surgery Center, LLC ("Plaintiff"), by and through its attorneys, Merin Law, LLC, by way of Complaint against UMR, Inc. ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 5 Davis Rd E, Old Lyme, CT 06371.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of Connecticut.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well the Federal Arbitration Act ("FAA"), 9 U.S.C §9 *et seq*.

4. Venue is proper in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within the district.

## FACTUAL BACKGROUND

5. Plaintiff is a medical practice specializing in plastic surgery.

6. Plaintiff provided treatment for all of the below patients and procedures.

**Patient P.W., DISP-1671642**

7. On August 11, 2023, Dr. Vinod Pathy, MD an owner and principal of the Plaintiff, provided medical treatment for a patient, identified as P.W. ("Patient P.W.") at William W. Backus Hospital in Norwich, CT.

8. At the time of her treatment, Patient P.W. was the beneficiary of a health plan issued and/or administrated by Defendant.

9. After treating Patient P.W., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") code 64646 in the amount of $1,750.00.

10. In response to Plaintiff's HCFA, Defendant allowed payment of $206.91.

11. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

12. However, since the services were rendered emergently/inadvertently, Patient P.W.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

13. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

14.     In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $206.91.

15.     Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

16.     Plaintiff initiated such arbitration as called for by the NSA.

17.     On November 19, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1671642 (Determination 2), awarding Plaintiff a total of $1,750.00, which amounts to $1,543.09 above the Defendant's allowed payment. *See* **Exhibit A**, attached hereto.

18.     Pursuant to the NSA, the determination of the arbitration award under DISP-1671642 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

19.     Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

20.     However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 19, 2024.

21.     As of the date of this Complaint, more than 278 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

22.     For DISP-1671642, Defendant has failed to pay $1,543.09 which is currently due and owing.

**Patient S.B., DISP-2117731**

23. On September 7, 2023, Dr. Vinod Pathy, MD an owner and principal of the Plaintiff, provided medical treatment for a patient, identified as S.B. ("Patient S.B.") at Middlesex Hospital in Middletown, CT.

24. At the time of her treatment, Patient S.B. was the beneficiary of a health plan issued and/or administered by Defendant.

25. After treating Patient S.B., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes 15771, 15772, and 14001 in the amount of $17,737.00.

26. In response to Plaintiff's HCFA, Defendant allowed payment of $0.00.

27. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

28. However, since the services were rendered emergently/inadvertently, Patient S.B.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-111 *et seq*.

29. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

30. In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's allowed payment of $0.00.

31. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

32. Plaintiff initiated such arbitration as called for by the NSA.

33. On January 16, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-2117731 (Determinations 1, 2, and 3), awarding Plaintiff a total of $17,737.50. *See* **Exhibit B**, attached hereto.

34. Pursuant to the NSA, the determination of the arbitration award under DISP-2117731 is legally "binding upon the parties involved." 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

35. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300gg-111(c)(6).

36. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 15, 2025.

37. As of the date of this Complaint, more than 220 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

38. For DISP-2117731, Defendant has failed to pay $17,737.50 which is currently due and owing.

39. Accordingly, Plaintiff has been damaged in the total amount of $19,280.59 and continues to suffer damages in the operation of its medical practice.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 of the Complaint as though fully set forth herein.

41. The FAA, 9 U.S. CODE § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order.

42. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration award at issue, the binding arbitration award was issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg–111(c)(5)(E)(i)(I).

43. Indeed, Federal courts, including this District, have affirmed their authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g.*, *Guardian Flight LLC v. Aetna Life Ins. Co*, No. 3:24-cv-00680-MPS, 2025 WL 1399145 (D. Conn. May 14, 2025) (holding that "Congress did show, both through the plain language of the NSA and the legislative intent, that the NSA includes a private right of action because the law mandates payment of the arbitration awards."); *GPS of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates the NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award").

44. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

45. Accordingly, Plaintiff brings this action for an Order confirming the following arbitration awards:

   a. For an Order confirming the arbitration awards issued under:

      i.      DISP-1671642

      ii.     DISP-2117731

## COUNT TWO

### VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF A BINDING AWARD

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

48. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for the NSA.

49. C2C Innovative Solutions, Inc., the certified independent dispute resolution ("CIDR") entity assigned to DISP-1671642 (Determination 2) awarded Plaintiff $1,750.00 on November 19, 2024.

50. C2C Innovative Solutions, Inc., the CIDR entity assigned to DISP-2117731 (Determinations 1, 2, and 3) awarded Plaintiff $17,737.50 on January 16, 2025.

51. According to the NSA, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

52. Defendant failed to make any of the payments within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payments to Plaintiff.

53. As such, Defendant has failed to comply with the requirements of the NSA.

54. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $19,280.59.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order confirming the arbitration award issued under DISP-1671642;

b. For an Order confirming the arbitration award issued under DISP-2117731;

c. For an Order directing Defendant to pay Plaintiff $19,280.59.

d. For attorney's fees, interest, and costs of suit; and

e. For such other and further relief as the Court may deem just and equitable.

Dated: October 24, 2025
      Madison, Connecticut

                                        **MERIN LAW, LLC**
                                        *Attorneys for Plaintiff*

By:    /s/ Clifford A. Merin, Esq., 29863
           Clifford A. Merin
           **Merin Law, LLC**
           51 Elm Street, Suite 409
           New Haven, CT 06510
           475.321.4101
           clifford@merinlaw.com